# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00050-MR-DLH

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DANNY CLARENCE CRISP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Sever Counts [Doc. 16].

## I.  PROCEDURAL BACKGROUND

On April 4, 2017, the Defendant was charged in a Bill of Indictment with three counts of possession of a firearm or ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).  Specifically, Count One charges the Defendant with possessing a C3 Defense Inc., .223 caliber rifle and 100 rounds of Remington .223 caliber ammunition on or about September 30, 2014; Count Two charges the Defendant with possessing one round of Remington brand .22 caliber ammunition on or about April 12, 2015; and

Count Three charges the Defendant with possessing 219 rounds of various ammunition[1] on or about September 15, 2016. [Doc. 1].

On May 24, 2017, the Defendant filed the present Motion, seeking to sever for trial each count of the Bill of Indictment. [Doc. 16].

## II. ANALYSIS

Rule 8 of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The Court may sever the charged offenses, however, if the joinder of such offenses "appears to prejudice" a party. Fed. R. Crim. P. 14(a).

The Fourth Circuit has recognized that "[w]here offenses are properly joined under Rule 8(a), severance of the offenses is rare." United States v.

---

[1] Specifically, the Defendant is charged in Count Three with possessing: (a) 50 rounds of Remington Peters brand .351 WIN caliber ammunition; (b) 60 rounds of Golden Bear brand 7.62 x 39 mm ammunition; (c) 9 rounds of Wolf WPA Polyformance .45 caliber ammunition; (d) 50 rounds of PPU brand .45 caliber ammunition; and (e) 50 rounds of Federal brand .45 caliber ammunition. [Doc. 1 at 2].

Hornsby, 666 F.3d 296, 309 (4th Cir. 2012). The Court "should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." United States v. Cardwell, 433 F.3d 378, 387 (4th Cir. 2005) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993). Accordingly, a defendant seeking severance must make "a strong showing of prejudice" resulting from the joinder of the offenses. United States v. Branch, 537 F.3d 328, 341 (4th Cir. 2008) (quoting United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984)).

In the present case, the Defendant is charged with three counts of possessing a firearm and/or ammunition on three separate occasions. The charged counts are all of a similar character such that joinder of these offenses is appropriate under Rule 8(a). See United States v. Ketter, 456 F. App'x 293, 295 (4th Cir. 2011) (affirming denial of motion to sever where "[b]oth counts charged similar conduct, namely possession of firearms and ammunition by a convicted felon, and occurred only months apart").

In arguing for severance, the Defendant contends that there is a risk of undue prejudice because the jury may be inclined to convict on one count based on evidence pertaining to the other, unrelated counts of possession. [Doc. 16 at 3-4]. The risk of this occurring, however, is diminished by the

fact that the Court will provide a limiting instruction admonishing the jury that they must consider each count, and the evidence pertaining to that count, separately. See Zafiro, 506 U.S. at 539 (noting that "less drastic measures" than severance, such a limiting instruction, "often will suffice to cure any risk of prejudice"). For these reasons, the Court concludes that the Defendant has shown that "there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Cardwell, 433 F.3d at 387.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Sever Counts [Doc. 16] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 9, 2017

Martin Reidinger
United States District Judge